

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2006

# USA v. Mackie

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1919

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Mackie" (2006). *2006 Decisions.* Paper 680.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/680

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1919

———

UNITED STATES OF AMERICA

v.

ERIC MACKIE,

Appellant.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00617)
District Judge: Honorable Legrome D. Davis

———

Submitted Under Third Circuit L.A.R. 34.1(a)
June 9, 2006

Before: AMBRO, FUENTES and NYGAARD, Circuit Judges.

(Filed  July 28, 2006)

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

After his arrest and indictment for possession of a weapon by a convicted felon, Eric Mackie sought suppression of the weapon on grounds that the weapon was seized in violation of the Fourth Amendment and Terry v. Ohio, 392 U.S. 1 (1968). For the reasons that follow, and substantially for the reasons expressed by the District Court in its Findings of Fact and Conclusions of Law, we affirm the court's denial of Mackie's motion to suppress. We add the following to underscore our agreement with the court's decision.

## I. Background

The circumstances leading to Mackie's arrest are fairly straightforward. On March 16, 2003, Gregory Gillespie, and other members of the Narcotic Strike Force, set up a surveillance near the intersection of Park and Pike Streets in North Philadelphia, a "high crime area." Emil Blackly, a drug dealer, was under surveillance by Gillespie. While under surveillance, Blackly conducted what appeared to be two separate drug transactions, one with Steven Tillery and one with Kenny Gilliard. In his transaction with Tillery, Blackly first received money, then stepped behind a car and picked up a baggie, which he then placed in his jacket pocket. From the baggie, Blackly handed Tillery several objects later discovered to be packets of crack cocaine. Shortly after Tillery left the scene, Blackly conducted his transaction with Gilliard. This transaction proved similar: Blackly first received money, then gave Gilliard objects from the baggie in his jacket pocket.

2

After Blackly's transaction with Gilliard, defendant Mackie arrived and began speaking with Blackly. Blackly reached towards the baggie in his jacket pocket, but upon observing Blackly's movement, Officer Gillespie, under the impression that Blackly was executing another drug transaction, ordered his team of police officers to swarm the two men. As Mackie attempted to flee the scene, the officers halted him and ordered him to lay down. During the ensuing pat down search, the arresting officer felt what appeared to be a handgun, reached in and retrieved a loaded .9 millimeter handgun. As a result, Mackie was arrested and thereafter pled guilty to a one count indictment under § 922(g)(1).

Mackie asserts that the District Court should have granted his motion to suppress because the search that uncovered his firearm was unreasonable, in violation of his Fourth Amendment rights. In support of this claim, Mackie makes two arguments. First, Mackie argues that there was no probable cause to support the search of his body. Second, he argues that there were no particularized and articulable facts causing the police to believe that he was armed and dangerous so as to justify a frisk for weapons. For these reasons, Mackie requests that the denial of his motion to suppress reversed and the case be remanded for trial.[1]

---

[1]"This Court reviews the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts." United States v. Perez, 280 F.3d 318, 336 (3d. Cir. 2002). This Court has jurisdiction under 28 U.S.C. § 1291.

## II. Analysis

We believe that the police had probable cause to arrest Mackie, and pursuant to Chimel v. California, 395 U.S. 752 (1969), grounds to search him. The Supreme Court has recognized that probable cause is a "fluid concept," not readily reducible to a "neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). However, in the recent case of Maryland v. Pringle, 540 U.S. 366, 371 (2003), the Court laid down two guidelines for determining whether police have probable cause: 1) there must be a reasonable ground for belief of guilt determined from the totality of the circumstances, and 2) the belief of guilt must be particularized with respect to the individual searched. Mackie argues that there was no reasonable ground to justify a search because his transaction with Blackly was different from the earlier transactions with Tillery and Gilliard. We cannot agree.

The similarities among the three transactions, and the surrounding circumstances, support Officer Gillespie's belief that Mackie was taking part in a drug transaction. Not only did the transaction between Mackie and Blackly occur in the same location as, and only a few minutes after, Blackly's earlier transactions, but just before the police approached, Blackly reached toward the pocket from which he had previously produced drugs. In light of Officer Gillespie's expertise and experience,[2] based on these

---

[2]Officer Gillespie stated that he believed Mackie was involved in a drug transaction because of his experience and belief of the background facts. App. at 27a. In Ornelas v. United States, 517 U.S. 690, 699 (1996), the Supreme Court observed that "a

4

observations alone, his suspicion that a third drug transaction might be taking place provided reasonable grounds for an arrest. That the location of the transaction was a "high crime area" further supports the reasonableness of the arrest, as does the fact that Mackie attempted to flee as the police were approaching. See Carrol v. United States, 267 U.S. 132, 159-60 (1925) (noting that courts are bound to take notice of "public facts" such as local criminal activity); Sibron v. New York 392 U.S. 40, 66 (1968) (observing that fleeing the crime scene when approached by law enforcement officers is relevant in determining if there are proper grounds for an arrest).

On these facts, the police had probable cause to arrest Mackie for taking part in a drug transaction. According to the Supreme Court in Chimel, "it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use." Chimel, 395 U.S. at 763. Under the facts and circumstances of this case, the search of Mackie was incident to a lawful arrest and not in violation of his constitutional rights. The District Court did not err in denying Mackie's motion to suppress.

### III. Conclusion

---

police officer views the facts through the lens of his police experience and expertise. The background facts provide a context for the historical facts, and when seen together yield inferences that deserve deference." The deference we must afford Officer Gillespie under Ornelas supports our conclusion that his belief that Mackie was involved in a drug transaction was reasonable.

For the reasons stated above, we affirm the District Court's denial of Mackie's motion to suppress evidence.